No. 04-00-00739-CV



Robert RAMIREZ,


Appellant



v.



Apolonio PARRA,


Appellee



From the 49th Judicial District Court, Webb County, Texas


Trial Court No. 1998CVE000162-D1


Honorable Manuel R. Flores, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: March 28, 2001


AFFIRMED


 Robert Ramirez appeals the trial court's order denying his motion for summary judgment. We
hold Ramirez did not conclusively establish official immunity and affirm the trial court's judgment.



Standard of Review


 Whether an order grants or denies a motion for summary judgment, we apply the same de
novo standard of review on appeal. See Valores Corporativos, S.A. de C.V. v. McLane Co., 945
S.W.2d 160, 162 (Tex. App.-San Antonio 1997, writ denied); San Antonio Express News v. Dracos,
922 S.W.2d 242, 247 (Tex. App.-San Antonio 1996, no writ). We will thus reverse an order denying
a traditional motion for summary judgment under Rule 166a(c) and render judgment in the movant's
favor only if the summary judgment evidence establishes there is no genuine issue of material fact and
the movant is entitled to judgment as a matter of law on a ground set forth in the motion. See Tex.
R. Civ. P. 166a(c). We will reverse an order denying a "no evidence" motion for summary judgment
under Rule 166a(i) and render judgment in the movant's favor only if the respondent fails to produce
summary judgment evidence raising a genuine issue of material fact on each challenged element. See
Tex. R. Civ. P. 166a(i). In deciding whether the summary judgment evidence raises a genuine issue
of material fact, we view as true all evidence favorable to the respondent and indulge every reasonable
inference and resolve all doubts in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d
546, 548-49 (Tex. 1985).

Factual and Procedural Background


 Following his arrest for driving while intoxicated, Apolonio Parra sued Officer Robert
Ramirez and the City of Laredo for negligence, alleging that "despite the fact that [Parra] was
compliant with [Ramirez's] requests, [Ramirez] suddenly and without warning or provocation, began
to assault and batter [Parra] with his baton in the face, neck, and head areas, and by throwing [Parra]
bodily several times against the vehicle. [Ramirez] also kicked [Parra] about his body as he lay on the
ground." 

 Ramirez moved for summary judgment, claiming official immunity. Ramirez supported his
motion with police records and his own affidavit, in which he stated a struggle ensued when Parra
resisted arrest. After a lengthy recitation of his version of the factual background, Ramirez concluded
he "acted as a reasonably prudent police officer would have acted under the same or similar
circumstances on the date of the incident in question. No police officer under similar circumstances
would have believed that my actions were unreasonable or against the law."

 Responding to the motion, Parra contended Ramirez did not act in good faith. Parra
supported his response in part with his own affidavit, stating:

 Suddenly, and for no reason at all, Officer Ramirez struck me on the right cheek with
his police baton. .... Officer Ramirez continued to strike me various times upon the
face, back of head and neck areas for no reason as I was not resisting his order to
state the address. At no time did I use any vulgar or profane language nor did I try to
resist his efforts or strike him in any way, shape or form.


The trial court denied Ramirez's motion without stating a reason, and he appeals.

Discussion


 Ramirez contends the trial court erred in denying his motion for summary judgment, because
he conclusively established his defense of official immunity. We disagree.

 To establish the affirmative defense of sovereign immunity, the governmental employee must
establish: (1) the performance of discretionary duties; (2) within the scope of the employee's
authority; (3) provided the employee acts in good faith. See City of Lancaster v. Chambers, 883
S.W.2d 650, 653 (Tex.1994). 

 As Ramirez notes, Parra's summary judgment response did not include an expert affidavit
controverting Ramirez's affidavit establishing he acted in good faith. What Ramirez fails to realize,
however, is that Parra's affidavit establishes facts - for purposes of the summary judgment - that
remove the factual underpinning from Ramirez's conclusion that he acted in good faith. See
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995) ("When an expert's opinion is
based on assumed facts that vary materially from the actual, undisputed facts, the opinion is without
probative value and cannot support a verdict or judgment."). Under these circumstances, Ramirez
failed to establish he acted in good faith. We therefore affirm the trial court's order denying Ramirez's
motion for summary judgment.


 Sarah B. Duncan, Justice

Do not publish